1   Leah S. Freed, SBN 021332
    Justin B. Caresia, SBN 034007
2   OGLETREE, DEAKINS, NASH, SMOAK &
    STEWART, P.C.,
3   Esplanade Center III, Suite 800
    2415 East Camelback Road
4   Phoenix, AZ 85016
    Telephone: 602-778-3700
5   Fax: 602-778-3750
    leah.freed@ogletree.com
6   justin.caresia@ogletree.com

7   Attorneys for Defendant McKesson Specialty
    Arizona, now known as RxC Acquisition
8   Company

9                 **UNITED STATES DISTRICT COURT**

10                     **DISTRICT OF ARIZONA**

11  Gary N. Wray,                            No. _____

12              Plaintiff,                   **NOTICE OF REMOVAL OF
                                             ACTION PURSUANT TO 28 U.S.C.**
13        v.                                 **§§ 1331, 1332, 1441 AND 1446**

14  McKesson Specialty Arizona,

15              Defendant.

16

17        **To the Clerk of the above-entitled Court:**

18        Defendant McKesson Specialty Arizona, now known as RxC Acquisition

19  Company ("RxC" or "Defendant"),[1] by and through undersigned counsel, notifies this

20  Court of the removal of the above civil action from the Superior Court of the State of

21  Arizona, Maricopa County to the United States District Court for the District of Arizona,

22  pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446.

23  **I.    THE STATE COURT ACTION**

24        1.    On November 9, 2020, Plaintiff Gary Wray filed a civil action against

25  McKesson in the Superior Court of the State of Arizona, Maricopa County. The action is

26

27  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
    [1] McKesson Specialty Arizona no longer exists as a legal entity due to its merger into
28  RxC. If this matter proceeds, RxC should be substituted as the proper defendant.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602-778-3700

1    entitled *Gary N. Wray v. McKesson Specialty Arizona* and bears the case number

2    CV2020-014310. Although Plaintiff sent the Complaint to at least two of Defendant's

3    employees via email, Defendant has not been properly served as of the date of filing this

4    Notice.

5    2.    Pursuant to LRCiv 3.6, the Supplemental Civil Cover Sheet is attached

6    hereto as Exhibit 1, the most recent state court docket is attached hereto as Exhibit 2, the

7    operative complaint is attached hereto as Exhibit 3, the remainder of the state court

8    record is attached hereto as Exhibit 4, and a verification by undersigned counsel that true

9    and correct copies of all pleadings and other documents filed in the state court proceeding

10   have been filed is attached hereto as Exhibit 5.[2]

11   3.    No further proceedings have been had in state court as of the date of this

12   Notice.

13   **II.    FEDERAL QUESTION JURISDICTION EXISTS**

14   4.    This Court has original jurisdiction over this action under 28 U.S.C. § 1331,

15   which confers subject matter jurisdiction over cases presenting questions of federal

16   constitutional, statutory, and common law. *See Provincial Gov't of Marinduque v. Placer*

17   *Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009). Jurisdiction exists pursuant to § 1331

18   when a federal question is presented on the face of the plaintiff's complaint. *See Rivet v.*

19   *Regions Bank of La.*, 522 U.S. 470, 475 (1998).

20   5.    The "Applicable Law Supporting Claims" section of Plaintiff's Complaint

21   lists the "Determination of Deputy Notice to Claimant" from the Arizona Department of

22   Economic Security (which is not law) and the "Notice of Suit Rights" from the U.S.

23   Equal Employment Opportunity Commission ("EEOC"). "Notice of Suit Rights" is

24   presumably a reference to the Dismissal and Notice of Rights Plaintiff received from the

25

26   _____

27   [2] No service documents exist because Defendant has not been properly served, no
     answers have been filed, no state court orders terminating or dismissing parties exist,
28   there have been no notices of appearance, and there are no pending motions, responses,
     or replies.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602-778-3700

1  EEOC for Charge No. 540-2020-03098, which is attached to the Complaint. In that

2  Charge, which is also attached to the Complaint, Plaintiff alleges he was discriminated

3  against because of his race, color, and sex and retaliated against because he engaged in

4  protected activity in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"),

5  42 U.S.C. § 2000e *et seq.*

6      6.    Plaintiff's Title VII claims present questions of federal law. Therefore, this

7  Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. §§ 1331 and

8  1441(a).[3]

9  **III.    DIVERSITY JURISDICTION EXISTS**

10     7.    For diversity purposes, a person is a "citizen" of the state in which he is

11  domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).

12  Citizenship is assessed "at the time of the filing of the complaint." *In re Hawaii Fed.*

13  *Asbestos Cases*, 960 F.2d 806, 810 (9th Cir. 1992). Plaintiff alleges in the Complaint that

14  he is a resident of Maricopa County. *See* Exhibit 3, Complaint p. 1 ("The Plaintiff resides

15  in Maricopa County."). Accordingly, Plaintiff is a citizen of Arizona.

16     8.    For diversity purposes, a corporation is a citizen of the state(s) in which it is

17  incorporated and has its principal place of business. *See* 28 U.S.C. § 1332(c) ("a

18  corporation shall be deemed to be a citizen of any State by which it has been incorporated

19  and of the State where it has its principal place of business"). The Supreme Court has

20  held that "'principal place of business' [under Section 1332(c)] is best read as referring to

21  the place where a corporation's officers direct, control, and coordinate the corporation's

22  activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). The Supreme Court further

23  clarified that a corporation's principal place of business is the place where the

24

25

26  _____

27  [3] Defendant discusses the allegations in Plaintiff's Complaint solely to demonstrate that it appears he is attempting to assert Title VII claims, which present questions of federal law and establish federal question jurisdiction. In doing so, Defendant does not admit that Plaintiff's claims are valid or properly pled.

28

corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination." *Id.* at 93.

9.     At the time of Plaintiff's termination, he was employed by RxC.

10.     McKesson Specialty Arizona was merged into RxC on July 1, 2019, shortly before Plaintiff was terminated. The Certificate of Merger is attached hereto as Exhibit 6.

11.     RxC is a corporation organized under the laws of the State of Delaware. *See* Exhibit 6.

12.     RxC's principal place of business is in the State of Ohio. RxC's Annual Franchise Tax Report, which reflects RxC's principal place of business, is attached hereto as Exhibit 7.

13.     Based on the foregoing, Defendant is a citizen of Delaware and Ohio. Therefore, complete diversity exists between Plaintiff and Defendant.

14.     Moreover, the amount in controversy in this matter exceeds $75,000. As the Supreme Court explained in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014), removal on diversity jurisdiction grounds is proper if the parties are diverse and the allegations in the complaint and notice of removal establish it is "more likely than not" that the value of Plaintiff's claims exceeds $75,000. *See also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

15.     In the state court civil cover sheet, Plaintiff indicated he is seeking $240,000 in damages, which is well above the applicable $75,000 amount in controversy threshold.[4] *See* Exhibit 4, Civil Cover Sheet p. 1.

16.     Plaintiff and Defendant are diverse parties and the amount in controversy exceeds $75,000. Therefore, this Court also has original jurisdiction over Plaintiff's claims under 28 U.S.C. §§ 1332 and 1441(a).

---

[4] McKesson discusses the allegations in Plaintiff's Complaint solely to demonstrate that the amount in controversy in this matter exceeds $75,000. In doing so, McKesson does not admit Plaintiff is entitled to these damages or that Plaintiff will be able to recover on any of his theories.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602-778-3700

**IV.    OTHER REQUIREMENTS FOR REMOVAL ARE MET**

17.    This Notice of Removal is timely under 28 U.S.C. § 1446(b) because fewer than thirty (30) days have elapsed since Defendant received improper service of Plaintiff's Complaint.

18.    Defendant has served a copy of this Notice on Plaintiff and a copy of the Notice has also been filed with the Maricopa County Superior Court Clerk pursuant to LRCiv 3.6. A copy of the Notice filed with the state court clerk is attached as Exhibit 8.

19.    Defendant hereby requests that this action be removed from the Maricopa County Superior Court to this Court.


RESPECTFULLY SUBMITTED this 9th day of December 2020.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By:    s/ Justin B. Caresia_____
Leah S. Freed
Justin B. Caresia
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ 85016
Attorneys for Defendant McKesson
Specialty Arizona, now known as RxC
Acquisition Company

45135251.3

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602-778-3700

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of December 2020, I electronically submitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing, and sent a copy via U.S. Mail and e-mail to:

Gary N. Wray
6929 E. 2nd Street #12
Scottsdale, AZ 85251
garynwray@gmail.com
Plaintiff Pro Per

s/Bernadette Young
Ogletree, Deakins, Nash, Smoak & Stewart

45135251.3

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602-778-3700

6