**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary N Wray, | No. CV-20-02381-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| McKesson Specialty Arizona, et al., | |
| Defendants. | |

Pending before the Court is Defendant McKesson Specialty Arizona's[1] motion for judgment on the pleadings, which is fully briefed. (Docs. 30, 37, 38.) The Court grants the motion.

Plaintiff Gary Wray, an African-American male, is a former employee of Defendant and was terminated on July 26, 2019. (Doc. 17 at 4.) He filed a charge of discrimination with the Equal Employment Opportunity Commission on May 19, 2020, alleging that Defendant discriminated against him as early as July 22, 2019 and as recently as July 26, 2019. He received his Notice of Right to Sue letter in August 2019 and then filed a complaint against Defendant. (Doc. 1 at 2.) The operative complaint alleges that Defendant committed discriminatory acts against Plaintiff in the following months: 2017 (December), 2018 (February, July, August, December), and 2019 (January, May, July). Plaintiff filed on May 19, 2019. (Doc. 14 at 4.) Defendant filed a motion for judgment on

---

[1] McKesson Specialty Arizona no longer exists as a legal entity due to its merger into RxC. (Doc. 30 at 1.)

the pleadings, asking the court to limit the scope of Mr. Wray's Title VII claims to events occurring on or after July 24, 2019, arguing that any prior events are time barred. (Doc. 30 at 3.)

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. Cty. of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999). "Rule 12(c) is 'functionally identical' to Rule 12(b)(6) and . . . 'the same standard of review' applies to motions brought under either rule." *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (quoting *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). Thus, a motion for judgment on the pleadings will be granted if the complaint lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). If appropriate, a court may grant partial judgment on the pleadings. *Cafasso*, 637 F.3d at 154 n.4.

A charge of discrimination filed with the EEOC must be brought within 300 days of the allegedly unlawful employment act. 42 U.S.C. § 2000e-5(e)(1); *Scott v. Gino Morena Enterprises, LLC*, 888 F.3d 1101, 1112 (9th Cir. 2018). Claims not filed with the EEOC within 300 days are time-barred. *See Mulvihill v. Pac. Mar. Ass'n*, 587 Fed.Appx. 422, 423 (9th Cir. 2014).

Because Mr. Wray filed a charge with the EEOC on May 19, 2020, any alleged discriminatory act occurring before July 24, 2019 is time barred. That his termination occurred within the statutory period does not make any of the events outside of that period timely. *See Delaware State College v. Rick*, 449 U.S. 250, 257 (1980) ("Mere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination."). In his Response, Mr. Wray attached several emails documenting internal complaints he made to Defendant before July 24, 2019, implicitly arguing that such complaints permit him to sue Defendant for acts taken before July 24,

1 | 2019. Not so. Internal complaints do not satisfy the statutory requirement to bring a charge
2 | with the EEOC within 300 days of the allegedly discriminatory act. Mr. Wray may not
3 | rely on events that occurred before July 24, 2019 to prosecute his Title VII claim.

**IT IS ORDERED** that Defendant's Motion for Judgment on the Pleadings (Doc. 30) is **GRANTED** as described in this order.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to substitute RxC as the proper Defendant.

Dated this 3rd day of March, 2022.

_____
Douglas L. Rayes
United States District Judge