**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Noble Wray, | No. CV-20-02381-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| RxC Acquisition Company, | |
| Defendant. | |

    Plaintiff Gary Wray formerly worked as a customer service representative with Defendant RxC Acquisition Company ("RxC"). RxC terminated Wray's employment on July 26, 2019, following a host of insubordinate behavior. Most notably, Wray repeatedly refused to participate in meetings with his supervisors unless he could record those meetings, despite RxC having a policy prohibiting recording in the workplace and the fact that those meetings often involved discussions of Wray's calls with customers about sensitive healthcare matters. Wray, however, believes his termination was the product of race- and sex-based discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964.

    At issue is RxC's motion for summary judgment (Doc. 62), which is fully briefed (Docs. 65, 67). Summary judgment is appropriate when there is no genuine dispute as to any material fact and, viewing those facts in a light most favorable to the nonmoving party, the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Summary judgment may also be entered "against a party who fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Here, RxC supported its motion with citations to admissible evidence in the record, and Wray failed to specifically refute any of those facts with citations to admissible, controverting evidence in the record. Pursuant to paragraph 6(c) of the scheduling order issued on June 4, 2021 (Doc. 33 at 4), and Rule 56(e)(2), the Court deems the relevant facts undisputed. *See Szaley v. Pima Cty.*, 371 Fed. App'x, 734, 735 (9th Cir. 2010).

That leaves the law. Wray's discrimination and retaliation claims are governed by the burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), under which Wray bears the initial burden of establishing a *prima facie* case of race- or sex-based discrimination or retaliation. To establish a *prima facie* case of discrimination, Wray must show that he: (1) is a member of a protected class, (2) is qualified for his job and was performing it according to RxC's legitimate expectations, (3) suffered an adverse employment action, and (4) was treated less favorably than other similarly situated employees outside his protected class. *Id.* For his retaliation claim, Wray must show that: (1) he engaged in protected activity, (2) he later suffered an adverse employment action, and (3) the two are causally linked. *See Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 894 (9th Cir. 2005).

If Wray makes a *prima facie* showing of discrimination and retaliation, "[t]he burden of production, but not persuasion, then shifts to [RxC] to articulate some legitimate, nondiscriminatory [or non-retaliatory] reason for the challenged action." *Chuang v. Univ. of Cal. Davis, Bd. of Trustees*, 225 F.3d 1115, 1123 (9th Cir. 2000). If RxC offers a legitimate reason for its actions, the burden then shifts back to Wray to show that RxC's proffered reason is a pretext for discrimination, "either directly by persuading the court that a discriminatory reason more likely motivated [RxC] or indirectly by showing that [RxC's] proffered explanation is unworthy of credence." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981). Wray's evidence on this point "must be both specific and substantial to overcome the legitimate reasons put forth by," RxC. *Aragon v. Republic*

*Silver State Disposal Inc.*, 292 F.3d 654, 659 (9th Cir. 2002).

Here, Wray has not established a prima facie case of race- or sex-based discrimination for two reasons. First, the record shows that he was not performing his job according to RxC's legitimate expectations. Wray repeatedly refused to meet with his supervisors to discuss quality control issues, and at one point improperly disclosed a customer's personal information. Second, Wray has not identified any other employees outside of his protected class (that is, other employers who were not black men) who were similarly situated and engaged in materially comparable behavior, and yet were treated differently from him. On these facts, a reasonable jury could not draw an initial inference of race- or sex-based discrimination.

Even if the Court assumed, however, that Wray could establish a *prima facie* case of discrimination, his discrimination and retaliation claims both fail as a matter of law because RxC has proffered (and substantiated with plenty of evidence) a legitimate, non-discriminatory and non-retaliatory reason for terminating Wray. RxC did not terminate Wray because he was black, or because he was a man, or because he engaged in any sort of activity protected under Title VII. No, RxC terminated Wray because of a documented pattern of insubordinate behavior, not least of which was repeatedly refusing to meet with his supervisors unless he was allowed to record those meetings in violation of company policy. Wray has not proffered the sort of specific and substantial evidence of pretext required to overcome RxC's legitimate explanation for its decision. On these facts, no reasonable juror could conclude that RxC violated Title VII.

**IT IS ORDERED** that RxC's motion for summary judgment (Doc. 62) is **GRANTED**. The Clerk of the Court shall enter judgment accordingly and terminate this case.

Dated this 29th day of March, 2023.

Douglas L. Rayes
United States District Judge